UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Ritchie Capital Management, L.L.C.;<br>Ritchie Special Credit Investments,<br>Ltd.; Rhone Holdings II, Ltd.;<br>Yorkville Investments, I, LLC; and<br>Ritchie Capital Structure Arbitrage<br>Trading, Ltd., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | **MEMORANDUM OPINION<br>AND ORDER** |
| v. | ) <br> ) <br> ) | Civil No. 12-270 ADM/JJG |
| Deanna Coleman, Michael O'Shaughnessy,<br>Thomas Petters, David A. Baer, Simon Root,<br>and Fredrikson & Byron, P.A. | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

_____

Thomas C. Cronin, Esq., and Steven S. Shonder, Esq., Cronin & Co., Ltd., Chicago, IL, on behalf of Plaintiffs Ritchie Capital Management, L.L.C.; Ritchie Special Credit Investments, Ltd.; Rhone Holdings II, Ltd.; Yorkville Investments, I, LLC; and Ritchie Capital Structure Arbitrage Trading, Ltd.

Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie P.A., Minneapolis, MN on behalf of Defendant Michael O'Shaughnessy.

Douglas R. Peterson, Esq., and Andrew W. Davis, Esq., Leonard, Street and Deinard PA, Minneapolis, MN and Mankato, MN on behalf of Defendant David Baer.

Craig D. Singer, Esq., Williams & Connolly LLP, Washington, DC, and Jeffrey R. Mulder, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Defendants Fredrikson & Byron, P.A. and Simon Root.

Thomas J. Petters, pro se.  (Not present at oral argument).

_____

# I.  INTRODUCTION

On May 2, 2012, the undersigned United States District Judge heard oral argument on

separate Motions to Dismiss by: (1) Defendants Simon Root and Fredrikson & Byron, P.A. (collectively, "the F&B Defendants") [Docket No. 3]; (2) Defendant David Baer ("Baer") [Docket No. 7]; and (3) Defendant Michael O'Shaughnessy ("O'Shaughnessy") [Docket No. 10].  Plaintiffs Ritchie Capital Management, L.L.C.; Ritchie Special Credit Investments, Ltd.; Rhone Holdings II, Ltd.; Yorkville Investments, I, LLC; and Ritchie Capital Structure Arbitrage Trading, Ltd. (collectively, "Ritchie") oppose the Motions.  The Court also considered Defendant Thomas J. Petters' ("Petters") Motion for the Appointment of Counsel [Docket No. 27].  For the reasons set forth below, the Motions to Dismiss are granted, and the Motion for Appointment of Counsel is denied.

## II.  BACKGROUND[1]

### A.    The Parties

The Ritchie entities are investment funds who loaned money to companies owned by Minnesota businessman Thomas J. Petters ("Petters").  Compl. [Docket No. 1] ¶¶ 1, 13.  Like many of Petters' investors and creditors, Ritchie suffered severe losses when it was discovered in 2008 that Petters was operating a $3.65 billion Ponzi scheme.[2]  Ritchie Capital Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 757 (8th Cir. 2011).

Petters was found guilty by a jury in 2009 for crimes relating to the fraudulent scheme and is serving a fifty-year prison sentence.  United States v. Petters, 08-364 RHK/AJB (D.

_____

[1]  In considering Defendants' Motions to Dismiss, the Court takes the facts alleged in Ritchie's Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

[2]  As part of his scheme, Petters induced investors into providing funds to purportedly finance purchases of electronic consumer goods from wholesalers for resale to large retailers as inventory.  In fact, these electronic goods did not exist.  Petters used the investments from later investors to repay earlier investors their principal, plus an amount Petters represented as profit from the transaction.

Minn.) ("Petters Criminal") [Petters Criminal Docket Nos. 361, 400]. A money judgment of over $3.5 billion and forfeiture were ordered against him. Id. at Petters Criminal Docket No. 400. The United States Supreme Court recently denied Petters' petition for a Writ of Certiorari challenging his conviction and sentence. Id. at Petters Criminal Docket No. 536.

The other named defendants in this case are former employees, advisors, or legal counsel for Petters or the companies he owned. Compl. ¶¶ 15-19.

## B.     Prior Identical Suit

Ritchie filed this case the same day this Court dismissed a nearly identical lawsuit brought by Ritchie against two officers within Petters' wholly-owned companies Polaroid Corporation ("Polaroid") and Petters Group Worldwide LLC ("PGW"). See Ritchie Capital Mgmt., L.L.C. v. Jeffries, Civil No. 10-668, 2012 WL 359910 (D. Minn. Feb. 2, 2012) ("Jeffries"). The factual allegations and legal claims asserted in the Jeffries Complaint are substantially the same as those in the present Complaint.[3] The only material difference between the two actions is the identity of the named defendants. See Pls.' Collective Resp. to Def.s' Mot. to Dismiss [Docket No. 22] at 2 ("This case involves virtually identical conduct [to that] alleged in [Jeffries]. Ritchie filed this . . . action to name additional individuals involved in that conduct.").

Both this Complaint and that in Jeffries allege the named defendants fraudulently induced Ritchie into making loans of over $100 million to PGW by representing the loans would be

---

[3]   The five counts alleged in Jeffries are identical to the first five counts alleged here. Compare Jeffries Compl. [Jeffries Docket No. 1] ¶¶ 116-150 (alleging violations of Racketeer Influenced and Corrupt Organizations Act, common law fraud, and tortious interference with contract) with Compl. ¶¶ 103-137 (same). The sixth and final count alleged here is based on the same conduct alleged for the other five claims. See Compl. at 11 ("Factual Allegations Common to All Claims").

adequately secured by the stock and assets of Polaroid.  Compl. ¶¶ 1-3; <u>Jeffries</u> Compl. [<u>Jeffries</u>

Docket No. 1] ¶¶ 1-3.  The defendants allegedly failed to formalize Ritchie's security interests in

Polaroid as promised, and re-pledged Polaroid assets to another creditor.  Compl. ¶¶ 4, 59-61;

<u>Jeffries</u> Compl. ¶¶ 4, 58-60.  This conduct allegedly caused Ritchie to lose its security interests

in Polaroid and deprived Ritchie of the benefit of those interests.  Compl. ¶¶ 109, 117, 124, 130,

137, 143; <u>Jeffries</u> Compl. ¶¶ 122, 130, 137, 143, 150.

 The <u>Jeffries</u> suit was dismissed on abstention grounds because it was duplicative of

pending litigation in the bankruptcy cases of Polaroid, Petters Company, Inc. ("PCI), and Petters

Capital, LLC ("Petters Capital").[4]  <u>Jeffries</u>, 2012 WL 359910, at *7-11.  In each of those

bankruptcy cases, Ritchie has filed proofs of claim asserting security interests in all or

substantially all assets of Polaroid pursuant to a Trademark Security Agreement and two

Intercompany Note Agreements executed in September, 2008.  <u>See</u> <u>In re Polaroid Corp.</u>, 08-bk-

46617 (Bankr. D. Minn.) [Claim Nos. 154] Ex. A ¶¶ IV, V;  <u>In re Petters Capital, LLC</u>, 09-bk-

43847 (Bankr. D. Minn.) [Claim No. 10] Attach. ¶ IV; <u>In re Petters Co., Inc.</u>, 08-bk-45257

(Bankr. D. Minn.) [Claim No. 97].  Ritchie's claimed security interests are being challenged in

adversary proceedings  (the "Bankruptcy Adversary Proceedings") filed by the Polaroid, PCI,

and Petters Capital bankruptcy trustees.  <u>See</u> <u>Stoebner v. Ritchie Capital Mgmt., L.L.C.</u>, 09-ap-

4032 (Bankr. D. Minn.) (the "Polaroid Adversary Proceeding"); <u>Kelley v. Ritchie Capital</u>

<u>Mgmt., L.L.C.</u>, 10-ap-4440 (Bankr. D. Minn.) ("PCI Adversary Proceeding"); <u>Seaver v. Ritchie</u>

---

[4] The facts and basis for dismissal in <u>Jeffries</u> are fully set forth in the Court's February  2, 2012 Memorandum Opinion and Order, which is incorporated by reference.  <u>See</u> <u>generally</u> <u>Jeffries</u>, 2012 WL 359910  Accordingly, the detailed facts and analysis will not be repeated here.  Ritchie has appealed the February 2, 2012 Memorandum Opinion and Order.  <u>See</u> <u>Ritchie Capital Mgmt.</u> <u>v. Jeffries</u>, Case No. 12-1501 (8th Cir. 2012).

Capital Mgmt., L.L.C., 10-ap-4231 (Bankr. D. Minn.) ("Petters Capital Adversary Proceeding")
(collectively, the "Bankruptcy Adversary Proceedings").  The bankruptcy trustees allege
Ritchie's security interests are invalid because they were the result of fraudulent and preferential
transfers.

This Court determined Ritchie's security interests in Polaroid were being litigated at the
same time in two federal courts, and dismissed Jeffries "without prejudice until after the validity
of Ritchie's security interests in Polaroid ha[d] been adjudicated in the Bankruptcy Adversary
Proceedings." Jeffries, 2012 WL 359910, at *11.  The day Jeffries was dismissed, Ritchie
commenced the present action.  In response, the F&B Defendants, Baer, and O'Shaugnessy filed
separate Motions to Dismiss based on (1) the abstention grounds stated in Jeffries, and (2) the
Complaint's failure to state a plausible claim for relief and to allege fraudulent conduct with
particularity.  See Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 9(b).

**C.      Bankruptcy Court Ruling in Polaroid Adversary Proceeding**

Two days before oral argument on these Motions to Dismiss, the bankruptcy court
granted partial summary judgment to the bankruptcy trustee in the Polaroid Adversary
Proceeding on the issue of whether Polaroid's grant of security interests to Ritchie under the
Trademark Security Agreement was voidable as a fraudulent transfer.  See Order re: Pls.' Mot.
for Partial Summ. J. (Order for Partial Summary Judgment"), April 30, 2012 [Polaroid
Adversary Proceeding Docket No. 169].  The bankruptcy court ruled that the transfer of Polaroid
security interests to Ritchie under the Trademark Security Agreement was fraudulent under 11
U.S.C. § 548(a)(1)(A) and Minn. Stat. § 513.44(a)(1), and that Ritchie had failed to establish the
statutory affirmative defense of a good faith purchaser for value under 11 U.S.C. § 548(c) or

Minn. Stat. §§ 513.44(a) and (d).  Id. at 41-52, 64-70.  As a consequence, the liens pledged to

Ritchie under the Trademark Security Agreement were avoided and Ritchie's claims against the

Polaroid bankruptcy estate were disallowed.  Id. at 71-73, 80.[5]  The bankruptcy court did not

order entry of judgment at the time it ruled on the partial summary judgment motion, because the

motion involved fewer than all claims in the Polaroid Adversary Proceeding.  Id. at 79.

### III.  DISCUSSION

#### A.    Motions to Dismiss

Defendants Baer, O'Shaugnessy, and the F&B Defendants argue this case is sufficiently

similar to Jeffries that the Court should abstain here for the same reasons it abstained in Jeffries.

They also separately contend this case should be dismissed with prejudice because the

Complaint fails to state a claim upon which relief can be granted and fails to satisfy the

particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

Ritchie does not dispute that this case is very similar to Jeffries.  Instead, Ritchie argues

abstention is not warranted because: (1) the litigation is not duplicative of the Bankruptcy

Adversary Proceedings; (2) the Court abused its discretion when it abstained from Jeffries;[6] and

(3) Ritchie's security interests in Polaroid have now been adjudicated by the bankruptcy court as

a result of the Order for Partial Summary Judgment in the Polaroid Adversary Proceeding.

---

[5]  The Polaroid bankruptcy trustee's motion for summary judgment also included a count alleging the Trademark Security Agreement and the actions taken under it were void and unenforceable due to a lack of consideration and to inequitable conduct by Ritchie.  Id. at 73. Summary judgment on this count was granted to Ritchie based on the bankruptcy court's determination that the Polaroid bankruptcy trustee had not demonstrated his entitlement to judgment as a matter of law on this claim.  Id. at 73-80.

[6]  Ritchie's argument that the Court abused its discretion when it abstained from hearing Jeffries is on appeal and will not be addressed here.

Ritchie also contends the Complaint satisfies the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.

      **1.**      **Abstention**

           **a.**      **Duplicative Litigation**

This case is identical to <u>Jeffries</u> in all material respects, and is therefore duplicative of the Bankruptcy Adversary Proceedings for the reasons stated in the Order dismissing <u>Jeffries</u>.  <u>See</u> Jeffries, 2012 WL 359910, at *6-*8.  Additionally, the bankruptcy court's recent ruling did not eliminate the duplicative litigation, because the Order for Partial Summary Judgment does not constitute a final adjudication of Ritchie's security interests in Polaroid.  Judgment has not been entered, and there is a possibility that the Order for Partial Summary Judgment will be appealed. Additionally, the PCI and Petters Capital Adversary Proceedings, which involve the validity of Ritchie's security interest in intercompany notes secured by all or substantially all of Polaroid's assets, remain pending.  Therefore, this case, as with <u>Jeffries</u>, is duplicative of ongoing bankruptcy litigation over the validity and extent of Ritchie's security interests in Polaroid.

           **b.**      **Equitable Factors**

The equitable factors used to determine whether to abstain from duplicative federal litigation in <u>Jeffries</u> apply equally here.  <u>See</u> <u>Id.</u> at *9-*11 (analyzing equitable factors relevant to abstention).  First, abstention will conserve judicial resources because (a) the bankruptcy court provides a more efficient forum for litigating the issue of Ritchie's security interests in Polaroid, <u>see id</u> at *9, and (b) abstaining here until after the duplicative issues have been resolved by entry of judgment or other final adjudication in the bankruptcy avoids having this Court consider issues that continue to be litigated by Ritchie in the Bankruptcy Adversary Proceedings.  Second,

a more comprehensive resolution of the issue of Ritchie's security interests will be reached in the bankruptcy forum, because Ritchie's interests will be determined in context with other creditors of Polaroid, PCI, and Petters Capital.  See Id.  Third, the relative progress of this case compared with the Bankruptcy Adversary Proceedings favors abstention even more strongly here than in Jeffries, because the bankruptcy proceedings have progressed further since Jeffries was decided. Finally, the fourth and fifth equitable factors analyzed in Jeffries – the reactive or tactical purpose for this suit and the adequacy of the forum to protect Ritchie's rights – favor abstention for the same reasons as those stated in Jeffries.  See Id. at *10-*11.  Accordingly, this case will be dismissed without prejudice until Ritchie's security interests in Polaroid have been fully and finally adjudicated in the Bankruptcy Adversary Proceedings.[7]

### 2.    Sufficiency of Pleadings

Because the Court abstains from hearing this case, Defendants' arguments on the pleading deficiencies in the Complaint will not be addressed.

### B.    Motion for Appointment of Counsel

Petters requests the Court to appoint counsel to represent him in this case, arguing he is unable to afford counsel and does not have the educational background to represent himself in this complex action.  Def.'s Mot. for Appointment of Counsel [Docket No. 27] at 1.  Because the Court abstains from hearing this case, the Motion is denied.

Had this case not been dismissed, Petters' request would nevertheless have been denied

---

[7]    The balance of equitable factors also weigh toward a stay of this case.  See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) (recognizing a district court's inherent power to stay proceedings to manage its docket); Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990) (same). However, Defendants seek dismissal rather than a stay, and Ritchie previously stated at oral argument in the related Jeffries case that it prefers dismissal over a stay.  See Jeffries, 2012 WL 359910, at 11 n.6.

because there is no statutory or constitutional right to appointment of counsel in a civil case.  See

Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citing Wiggins v. Sargent, 753 F.2d 663,

668 (8th Cir. 1985)).  Although a federal court is statutorily empowered to appoint counsel if the

circumstances justify, Wiggins, 753 F.2d at 668, such circumstances do not exist.  The litigation

against Petters would have been stayed pursuant to the Receivership Order in the civil

receivership case involving Petters.  See U.S. v. Petters, Civ. No. 08-5348 ADM/JSM ("Petters

Receivership"), Second Am. Order for Entry of Prelim. Inj., Appointment of Receiver, and Other

Equitable Relief [Petters Receivership Docket No. 127] (D. Minn. Dec. 8, 2008) at 19-20.  Thus,

Petters would have had no need for legal representation.  Additionally, appointment of counsel to

defend Petters against a civil action for money damages would have been futile given the lengthy

prison sentence and multi-billion dollar judgment already imposed against him.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendants' Motions to Dismiss [Docket Nos. 3, 7 and 10] are

**GRANTED.**  The case is dismissed without prejudice until after the validity of Ritchie's

security interests in Polaroid have been adjudicated in the Bankruptcy Adversary Proceedings.  It

is further ordered Defendant Thomas J. Petters' Motion for Appointment of Counsel [Docket No.

27] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 25, 2012.